**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TERESA DODSON,<br><br>Plaintiff,<br><br>v.<br><br>TEK-COLLECT, INC.,<br><br>Defendant. | CIVIL ACTION NO. __________<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Teresa Dodson ("Plaintiff"), by and through undersigned counsel, files this Original Complaint against Defendant TEK-Collect, Incorporated ("Defendant" or "TEK-Collect"), also styled in its own records and in consumer reporting agency data as "Tek-Collect, Incorporated" and "TEK-COLLECT INC," and in support thereof would respectfully show the Court as follows:

## NATURE OF THE ACTION

1. This is an action for actual and statutory damages brought by an individual consumer against a debt collector for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392.001 et seq. ("TDCPA").

2. Defendant obtained a small medical-collection account that the original creditor had never billed to Plaintiff, and — without ever sending Plaintiff any notice, demand, or validation of the debt — reported the account to nationwide consumer reporting agencies as a derogatory collection. Plaintiff learned of the purported debt for the first time through a credit-monitoring alert, at the precise moment she was in escrow to sell her home and was actively seeking financing to purchase a new one. Facing the imminent loss of favorable mortgage terms because of a debt she had never been given any opportunity to verify or dispute, Plaintiff was forced to pay the account in full to Defendant without ever having received the validation notice, itemized accounting, or thirty-day dispute period to which she was legally entitled.

## PARTIES

3. Plaintiff Teresa Dodson is a natural person and a resident of Celina, Collin County, Texas.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1), because the debt at issue arose from a transaction — dermatopathology / medical laboratory services — incurred primarily for personal, family, or household purposes.

5. Defendant TEK-Collect, Inc. is, on information and belief, an Ohio corporation with a business address of 871 Park St, Columbus, Ohio 43215-1441, and a mailing address of P.O. Box 1269, Columbus, Ohio 43216.
6. Defendant regularly collects, or attempts to collect, consumer debts owed or asserted to be owed to others, including debts owed by Texas consumers such as Plaintiff, and regularly uses the mails and instrumentalities of interstate commerce, and furnishes information to nationwide consumer reporting agencies, in connection with that collection activity directed at Texas residents.
7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a "debt collector" and "third-party debt collector" as those terms are defined by Tex. Fin. Code § 392.001(6)-(7).

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Plaintiff's FDCPA claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).
9. This Court has supplemental jurisdiction over Plaintiff's TDCPA claim pursuant to 28 U.S.C. § 1367(a), because that claim arises from the same case or controversy as Plaintiff's FDCPA claim and derives from a common nucleus of operative fact.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District (Collin County lies within the Sherman Division of the Eastern District of Texas, 28 U.S.C. § 124(c)(3)), Defendant transacts business and collects debts from consumers within this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims — including Defendant's furnishing of derogatory credit information concerning Plaintiff and the resulting injury — occurred within this District.

## FACTUAL ALLEGATIONS

11. On March 19, 2025, Plaintiff underwent a dermatologic biopsy procedure at Cockerell Dermatopathology PA ("Cockerell"), a dermatopathology laboratory located in Dallas, Texas.

12. The March 19th procedure was a part of a series of procedures Plaintiff had undergone as preventative care for skin cancer. For all procedures, Plaintiff paid her copays at the time of the procedures.

13. At all times relevant to this action, Plaintiff has been a diligent and financially responsible consumer with a consistent practice of paying whatever amounts are required of her at the time medical procedures are performed, or promptly upon receipt of a bill for any remaining balance.

14. Further, Plaintiff is a consultant for financial companies and is diligent in opening her mail and paying her bills on time.

15. Plaintiff never received a bill in the mail or otherwise from Cockerell or Defendant,

16. Without ever billing Plaintiff directly, and without ever affording her any opportunity to pay the balance to Cockerell, the $774.00 account was placed, referred, sold, or assigned to Defendant for collection.

17. At no time before reporting the account to consumer reporting agencies did Defendant send Plaintiff a bill, dunning letter, the written validation notice required by 15 U.S.C. § 1692g(a), or any other communication of any kind informing Plaintiff that a debt existed, that Defendant was attempting to collect it, the amount claimed to be owed, or her right to dispute the debt within thirty days.

18. On information and belief, on or around August 10, 2026, Defendant furnished derogatory information regarding the $774.00 account to the credit reporting agency Trans Union, reporting the account as an outstanding collection, coded "Grid Code G (Collections)," with Cockerell Dermatopathology identified as the original creditor and a balance of $774.00.

19. A credit-monitoring service notified Plaintiff, on or about August 15, 2026, that "TEK-COLLECT INC has flagged your account as Collections."

20. The credit-monitoring alert described above was the first and only notice of any kind that Plaintiff ever received regarding the $774.00 balance.

21. Neither Cockerell nor Defendant had ever contacted Plaintiff about the debt by mail, telephone, email, or any other means before it appeared on her credit reports as a collection account.

22. At the time Defendant furnished this derogatory information, Plaintiff was in escrow to sell her home and was simultaneously shopping for, and seeking financing for, the purchase of a new home.

23. The sudden, unverified collection account significantly and adversely affected Plaintiff's credit score and creditworthiness.

24. Upon discovering the collection account, Plaintiff promptly contacted Defendant to request documentation substantiating the alleged debt. By letter dated August 19, 2026, Defendant — through its Client Services representative, R.C. Halford — provided Plaintiff with copies of billing and insurance records obtained from Cockerell, referencing "Tek ID# 14103962," including the April 24, 2025 insurance remittance notice and a Cockerell/XIFIN account statement reflecting an "Amount Due As Of August 18, 2026" of $774.00.

25. Defendant's own August 19, 2026 response, and the records enclosed with it, confirm that Defendant possessed documentation sufficient to substantiate the debt's origin and amount well before, or contemporaneously with, the date it furnished the derogatory tradeline to the consumer reporting agencies — yet

Defendant never provided that information, or any statement of Plaintiff's validation rights, to Plaintiff before damaging her credit.

26. Additionally, and still not providing Plaintiff any opportunity to dispute the debt or the charges being collected upon, Plaintiff was notified on September 8, 2026 from her credit-monitoring service that Defendant reported the debt to the credit reporting agency Experian Information Service, Inc.

27. Defendant's conduct deprived Plaintiff of the process to which the FDCPA and TDCPA entitled her — namely, notice of the debt and a meaningful opportunity to dispute and obtain verification of it before adverse action was taken — and instead used the coercive leverage created by Defendant's own unlawful credit reporting, occurring in the middle of a pending home sale and purchase, to extract payment from Plaintiff.

28. As a direct and proximate result of Defendant's conduct described above, Plaintiff suffered actual damages, including but not limited to: damage to her credit score and creditworthiness; the financial pressure, stress, and emotional distress of facing a materially higher interest rate on her pending mortgage during an already stressful home sale and purchase; being forced to pay an unverified debt on an emergency basis without the benefit of the statutory dispute process; loss of time; and other economic and non-economic harm to be proven at trial.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.

29. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and the $774.00 obligation at issue is a "debt" as defined by 15 U.S.C. § 1692a(5), arising from a transaction for personal medical services.

31. Defendant violated 15 U.S.C. § 1692g(a) by failing, within five days of its initial communication with Plaintiff in connection with collection of the debt — and indeed by failing at any time before furnishing derogatory information to consumer reporting agencies — to send Plaintiff a written notice containing the amount of the debt, the name of the creditor, and a statement of her right to dispute the debt within thirty days and obtain verification, as required by 15 U.S.C. § 1692g(a)(1)-(5).

32. Defendant violated 15 U.S.C. § 1692e and § 1692e(10) by using false, deceptive, and misleading representations and means in connection with the collection of the debt, including by reporting the account to consumer reporting agencies as a matured, undisputed collection obligation without ever having given Plaintiff the notice and dispute opportunity to which she was

entitled, thereby creating the false impression that Plaintiff had been afforded, and had failed to avail herself of, the process required by law.

33. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of the debt, including by representing to consumer reporting agencies, in substance, that the debt was a properly matured, collectible, and reportable obligation, when Defendant had never provided Plaintiff the validation notice and dispute opportunity that federal law requires before a debt collector may treat a debt as undisputed and report it as a derogatory collection.

34. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information concerning Plaintiff to consumer reporting agencies that it knew, or should have known, was incomplete and misleading, including by failing to communicate, at the time of its report and thereafter, that Plaintiff had never been given notice of the debt or an opportunity to dispute it, and, on information and belief, by failing to timely communicate Plaintiff's dispute once she requested validating documentation from Defendant on or about August 18-19, 2026.

35. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the debt, including by bypassing direct communication with Plaintiff entirely and instead using adverse, unverified credit reporting — and

the resulting threat to Plaintiff's pending mortgage financing — as its primary means of inducing payment.

36. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages as described above, and is entitled to statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT, TEX. FIN. CODE § 392.001 et seq.

37. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38. Defendant is a "debt collector" and "third-party debt collector" as those terms are defined in Tex. Fin. Code § 392.001(6)-(7), and the $774.00 obligation is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2), arising from a transaction for personal medical services.

39. Defendant violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, and status of Plaintiff's debt, including by representing it to consumer reporting agencies as a matured, reportable collection account without ever having provided Plaintiff notice of the debt or an opportunity to verify or dispute it.

40. Defendant violated Tex. Fin. Code § 392.304(a)(19) by using a fraudulent, deceptive, and misleading representation and means to collect the debt and to obtain payment from Plaintiff, including by using unverified, unnoticed adverse credit reporting — which coincided with Plaintiff's active mortgage financing — as leverage to coerce immediate payment.

41. On information and belief, Defendant violated Tex. Fin. Code § 392.202 by failing to timely and properly document, investigate, and respond to Plaintiff's dispute of the debt after Plaintiff contacted Defendant on or about August 18-19, 2026 requesting documentation substantiating the account, and by failing to correct or update its reporting to reflect that the debt was disputed before Plaintiff, under financial duress, paid the balance in full.

42. As a direct and proximate result of Defendant's violations of the TDCPA, Plaintiff has suffered actual damages as described above, and is entitled to actual damages, statutory damages of not less than $100.00 for each violation of Tex. Fin. Code § 392.202, injunctive relief, and reasonable attorney's fees and costs, pursuant to Tex. Fin. Code § 392.403.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Teresa Dodson respectfully requests that this Court enter judgment in her favor and against Defendant TEK-Collect, Incorporated, and award:

a. Actual damages in an amount to be proven at trial;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Statutory damages of not less than $100.00 for each violation of the TDCPA found by the trier of fact, pursuant to Tex. Fin. Code § 392.403(e);

d. Injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1), including an order requiring Defendant to request deletion or correction of any derogatory tradeline it furnished to consumer reporting agencies regarding this account;

e. Reasonable attorney's fees and costs of court pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b);

f. Pre-judgment and post-judgment interest as allowed by law; and

g. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted

Dated: September 23, 2026

By: */s/ Jeffrey Lohman*

Jeffrey Lohman
The Law Offices of Jeffrey Lohman, PLLC
32605 Temecula Pkwy, Suite 212
Temecula, CA 92592
Tel: (714) 482-6931
Email: jeffL@jLohman.com

Attorney for Plaintiff,
Teresa Dodson